# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2019

Lyle W. Cayce
Clerk

ELVA NIEVES VARELA; MANUEL YANEZ NIEVES,

Petitioners

v.

MATTHEW G. WHITAKER, ACTING U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 596 305
BIA No. A208 596 306

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Elva Nieves Varela, acting on behalf of herself and her minor son, Manuel Yanez Nieves, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of their appeal from the denial of their applications for asylum and withholding of removal. Nieves Varela testified that, in Mexico, her three sons had been scared to go to school because they heard gunshots

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there and her eldest son was being offered drugs and, further, that she had been intimidated by people who demanded money from her as she drove to work.

We review for substantial evidence the factual conclusions that an alien is not eligible for asylum or withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). "Under substantial evidence review, [we] may not reverse the BIA's factual findings unless the evidence compels it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

To qualify for asylum as a refugee, an applicant must demonstrate either past persecution or a reasonable, well-founded fear of future persecution based on one of five enumerated grounds, including, as relevant here, "membership in a particular social group." *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014). (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1158(b)(1)(B)(i). For the following reasons, the evidence does not compel a reversal of the BIA's determination that the petitioners are not entitled to asylum. *See Wang*, 569 F.3d at 536-37.

First, the petitioners have failed to establish past persecution or a well-founded fear of future persecution. Nieves Varela acknowledged in her testimony that neither she nor her son was physically harmed in Mexico and that, despite the repeated attacks on her truck, she continued to work without further incident by altering her driving times. The evidence thus proves, at most, that the petitioners suffered harassment and intimidation, which is insufficient to show persecution. *See Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017).

Secondly, the petitioners have failed to show that any alleged persecution was on account of a protected ground. The petitioners have failed to establish a "particularized connection" between the alleged persecution and

No. 18-60113

Nieves Varela's claimed membership in the proposed particular social group of Mexican women who are threatened with danger or injury to themselves and their children with no obvious protection from the police. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). We need not reach whether this proposed particular social group is cognizable, *see Matter of A-B*, 27 I. & N. Dec. 316, 319 (Att'y Gen. 2018), since the petitioners have failed to satisfy the other two requirements for asylum already discussed, *see Milat*, 755 F.3d at 360.

Finally, the petitioners have failed to brief, and have therefore abandoned, any challenge to the denial of their applications for withholding of removal, which require a higher showing than asylum applications in any event. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Faddoul*, 37 F.3d at 188.

Accordingly, the petition for review is DENIED.